## Holsapple v. Holsapple.

(Decided September 19, 1912.)

### Appeal from Clinton Circuit Court.

Deeds—Cancellation of.—A deed will not be canceled on the ground that its execution was obtained by fraud, duress or force, unless the evidence fully supports the charge.

S. G. SMITH for appellant.

E. BERTRAM for appellee.

Opinion of the Court by Judge Carroll—Affirming.

In June, 1909, C. L. Holsapple, who was then over seventy years of age, executed a deed conveying to his daughter, the appellant, Hattie L. Holsapple, a tract of land containing about fifty acres. The consideration recited in the deed is "love and affection and services rendered by the grantee," the grantor reserving the control of the property during his life. In April, 1910, Hattie L. Holsapple, for the recited consideration of $25.00, reconveyed the land to her father, and a few days thereafter her father conveyed the land to his son, E. C. Holsapple. After this, and in 1910, Hattie L. Holsapple brought this suit against her father, C. L. Holsapple, and her brother, E. C. Holsapple, in which she sought a cancellation of the deed executed by her to her father, as well as the deed made by her father to E. C. Holsapple, upon the ground that she was induced to make the deed reconveying the land to her father by the threat of his attorney, E. M. Cox, that unless she executed the conveyance she would be arrested and put in jail. She further averred that she did not know that the deed recited a consideration of twenty-five dollars, although admitting that after the deed was executed, Cox gave her that amount in money.

For answer to this suit, C. L. Holsapple, after controverting the affirmative averments of the petition, set up that the consideration for the execution of the deed by him to his daughter was that she would take care of him, wait on him and keep house for him, but that soon after she obtained the deed she went away and left him alone, and refused to give him any attention.

The lower court entered a judgment, canceling the deed made by C. L. Holsapple to his daughter, and also the deed made by C. L. Holsapple to his son—the effect of the judgment being to restore the possession of and title to the land to the father. Of this judgment Hattie L. Holsapple complains.

The evidence shows that Cox informed Hattie L. Holsapple, who was at the time living in Shelbyville, Ky., that if she did not sign the deed to her father, he would have her arrested and prosecuted, although it does not appear what offense he intended to have her prosecuted for, or that any warrant for her arrest had been issued, and she testifies that she was induced to

sign the deed on account of the fear that she would be arrested and put in jail if she did not sign it.

C. L. Holsapple testified that he suffered from rheumatism, and was not able to do much work. That his daughter agreed, in consideration of the deed, to stay with him as long as he lived, and do the housework and look after things about the place, but that in two or three weeks after receiving the deed she left him alone, and went to Louisville, and had not returned or given him anything, although he had written requesting her to come back and live with him and take care of him.

The officer who took the acknowledgement to the deed made by C. L. Holsapple to his daughter, testified that Holsapple said that his daughter was to take care of him, feed and clothe him.

There is no averment of mistake in the execution of the deed by Holsapple to his daughter, and it is insisted by counsel that, although the consideration for the execution of the deed may have been the agreement upon the part of the daughter to live with and take care of her father, yet as this consideration was not expressed in the deed, parol evidence to show what the real consideration was is not competent, in the absence of averments of fraud or mistake, and so the deed should not have been canceled on the ground that the daughter failed to perform her part of the contract. We do not, however, put our decision affirming the judgment of the lower court upon the ground that the pleadings or evidence are sufficient to authorize the cancellation of the deed upon this theory. If it should be conceded that the pleadings and evidence did not authorize the cancellation of this deed for the reason stated, it appears that Hattie L. Holsapple executed to her father a deed, reconveying the land to him in consideration of twenty-five dollars, and we do not think the evidence is sufficient to justify us in holding that she was induced to make this deed by force, fraud or duress.

The judgment of the chancellor, under all the circumstances, is equitable and just, and it is affirmed.